**LOKER LAW, APC**
Matthew M. Loker, Esq. (279939)
matt@loker.law
Charles B. Cummins (354861)
charles@loker.law
132 Bridge Street
Arroyo Grande, CA 93420
Telephone: (805) 994-0177

**LAW OFFICE OF ALBERT R. LIMBERG**
Albert R. Limberg, Esq. (211110)
alimberg@limberglawoffice.com
3667 Voltaire Street
San Diego, CA 92106
Telephone: (619) 344-8667

*Attorneys for Plaintiff,*
Frank Bennett

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK BENNETT,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendant. | Case No.: '24CV1688 W   MMP<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

CASE NO.:                                                  *Bennett v. Experian Information Solutions, Inc.*
**COMPLAINT**

# INTRODUCTION

1. The United States Congress has also found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. As such, Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

3. FRANK BENNETT ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of EXPERIAN INFORMATION SOLUTIONS, INC. ("Defendant") with regard to Defendant unlawfully and abusively reporting invalid debt regarding Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

7. Any violations by each Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1681p.

10. This action arises out of Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA").

11. Because Defendant conducts business within the State of California, personal jurisdiction is established.

12. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in San Diego County; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

13. Plaintiff is a natural person who resides in Spring Valley, California, from whom Defendant sought to collect a debt which was alleged to be due and owing from Plaintiff.

14. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

15. Experian is a corporation located in the State of California.

16. Defendant is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

## FACTUAL ALLEGATIONS

17. At all times relevant, Plaintiff is an individual residing within the State of California.

18. From 2019-2020, Plaintiff was an active-duty member of the United States Navy and assigned to Helicopter Maritime Strike Squadron SEVEN-EIGHT.

19. Plaintiff was deployed or on detachments as an active member of the United States Navy from September 2019 through December 2020.

20. At that time, Plaintiff had two loans with Navy Federal Credit Union ("NFCU"), a personal loan and an automobile loan.

21. When Plaintiff returned from his assignment, he entered into a payment agreement regarding NFCU loans.

22. On December 15, 2020, Plaintiff entered into a payment plan agreement with NFCU for payment of $150.00 per month to satisfy the monthly obligation of the personal loan.

23. On August 15, 2021, Plaintiff entered into a payment plan agreement with NFCU for payment of $350.00 per month to satisfy the monthly obligation of the auto loan.

24. On February 1, 2023, NFCU drafted a letter stating that Plaintiff was in compliance with the terms of the payment plan agreement for the $350 per month payment plan.

25. NFCU's February 1, 2023 written communication further noted that Plaintiff has been in compliance with the payment arrangement since its inception on August 15, 2021.

26. Similarly on June 15, 2023, NFCU drafted a letter stating that Plaintiff was in compliance with the terms of the payment plan agreement for the $150 per month payment plan.

27. NFCU's June 15, 2023 written communication further noted that Plaintiff has been in compliance with the payment arrangement since its inception on December 15, 2020.

28. Despite entering into and being in compliance with the payment plans, NFCU continued to report Plaintiff delinquent on both accounts.

29. In or around July 2023, Plaintiff submitted written disputes with supporting documentation to Defendant, Trans Union, Equifax, Innovis and NFCU.

30. Plaintiff did not receive a response to these initial disputes.

31. Plaintiff then submitted another round of written disputes with supporting documentation to Defendant, Trans Union, Equifax, Innovis and NFCU in or around November of 2023.

32. On December 14, 2023, Plaintiff received correspondence from Innovis stating they would delete the disputed information.

33. Defendant is required to conduct their own reasonable reinvestigation into these specific accounts on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

34. Plaintiff was initially relieved when Innovis deleted the misleading reporting on his credit report.
35. In July 2024, Plaintiff reviewed his credit report as maintained by Defendant.
36. Plaintiff learned that Defendant inaccurately rejected his disputes and verified the NFCU tradelines.
37. Each NFCU tradeline inaccurately represents that Plaintiff was not making payments in compliance with his payment arrangements.
38. Additionally, each NFCU tradeline inaccurately represents Plaintiff has past due balances of $3,774 and $10,636 despite Plaintiff's compliance with the payment arrangements.
39. As of date of filing, Defendant is still reporting the derogatory reporting on Plaintiff's credit report.
40. Defendant did not provide notice to Plaintiff that Plaintiff's dispute was "frivolous or irrelevant," pursuant to 15 U.S.C. § 1681i(a)(3).
41. Defendant's investigations were unreasonable.
42. On information and belief, Defendant simply followed the ACDV process in processing Plaintiff's dispute.
43. In so doing, Defendant forwarded Plaintiff's dispute to NFCU following a cursory review of the documents provided with Plaintiff's dispute.
44. Had Defendant reviewed the documents in detail, Defendant would have learned that Plaintiff provided evidence showing the establishment of the payment arrangements and his compliance with the terms of the payment arrangements.
45. Plaintiff contends that it was unreasonable for Defendant to not contact Plaintiff for further information if needed; and, to not contact Defendant regarding the payment arrangement.

46. The unreasonableness of these investigations is further established by the fact that Innovis correctly determined that Plaintiff was not responsible for the debt.
47. Plaintiff's continued efforts to correct Defendant's erroneous and negative reporting by communicating Plaintiff's dispute with Defendant was fruitless.
48. Defendant's continued misleading and negative reporting of the misleading information to Plaintiff's credit report in light of Defendant's knowledge of the actual error was willful.
49. Defendant's continued negative reporting of the misleading information to Plaintiff's credit report in light of Defendant's knowledge of the actual error was reckless.
50. Defendant's failure to correct the previously admitted inaccuracies on Plaintiff's credit reports was intentional and in reckless disregard of Defendant's duty to refrain from reporting misleading information.
51. Accordingly, Defendant willfully and negligently failed to comply with Defendant's respective duties to reasonably investigate Plaintiff's dispute.
52. Defendant's misleading and negative reporting damaged Plaintiff's creditworthiness.
53. Defendant's conduct has caused Plaintiff emotional distress.
54. Plaintiff has spent countless hours disputing this misleading information with Defendant in an attempt to provide any and all information needed for the investigations.
55. While Plaintiff was thorough in Plaintiff's disputes at all times, each Defendant merely responded with form letters that failed to take into account any of the specifics identified in Plaintiff's disputes.

Case 3:24-cv-01688-W-MMP   Document 1   Filed 09/20/24   PageID.8   Page 8 of 10

56. Plaintiff's anxiety; frustration; stress; lack of sleep; nervousness; anger; and, embarrassment continues to this day because this large delinquency mischaracterizes Plaintiff as someone that avoids Plaintiff's financial obligations and significantly harms Plaintiff's credit score.

57. Despite Plaintiff's repeated attempts, Defendant continues to report an invalid debt on Plaintiff's credit report.

58. As a direct and proximate result of Defendant's willful action and inaction, Plaintiff has suffered actual damages, including, but not limited to, reviewing credit reports, preparing and mailing dispute letters, attorneys' fees, loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendant's inaccurate and derogatory information, without success.

59. Based upon the discussion above, Plaintiff contends that punitive damages are available to Plaintiff.

60. To report an ongoing obligation despite the invalid nature of this account shows that Defendant took action involving an unjustifiably high risk of harm that was either known or so obvious that it should be known.

61. Since Plaintiff's efforts to be absolved of the invalid debt were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's remaining disputes.

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

# CAUSE OF ACTION CLAIMED BY PLAINTIFF
# VIOLATION OF THE FAIR CREDIT REPORTING ACT
# 15 U.S.C. §§ 1681-1681X (FCRA)
# [AGAINST EXPERIAN]

62. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

63. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

64. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from each Defendant.

65. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from each Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant for:

- An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Defendant for each incident of willful noncompliance of the FCRA;

- An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), against Defendant for each incident of willful noncompliance to the FCRA;

- An award for costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), against Defendant for each incident of negligent noncompliance of the FCRA;
- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA;
- An award of costs and litigation and reasonable attorney's fees pursuant 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) against Defendant for each incident of noncompliance of the FCRA;
- Any and all other relief the Court deems just and proper.

**TRIAL BY JURY**

66. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: September 20, 2024                                                         Respectfully submitted,

**LOKER LAW, APC**

By: ___/s/ Matthew M. Loker___
MATTHEW M. LOKER, ESQ.
ATTORNEY FOR PLAINTIFF